**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

G. BRUCE SEWELL, as Guardian Ad Litem )
of J.T., a minor, )
            )
         Plaintiffs, )
            )   Case No. 6:25-cv-00208-RAW-GLJ
v. )
            )
THE BOPPY COMPANY, LLC., )
            )
         Defendant. )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff, G. Bruce Sewell, as Guardian Ad Litem of J.T., a minor, by and through undersigned counsel, for his Response to Defendant's Motion to Dismiss.  For support, Plaintiff states as follows:

1. This case arises out of the injuries sustained by the Plaintiff minor J.T. (Plaintiff) while he was laying on or around a "Boppy Newborn Lounger" designed, manufactured, distributed, and/or sold by Defendant The Boppy Company, LLC (hereinafter "Defendant Boppy").

2. Upon information and belief, the Boppy Newborn Lounger at issue was purchased by an Oklahoma resident in the State of Oklahoma, was utilized by Plaintiff while in the State of Oklahoma, and injured him in the State of Oklahoma.

3. Plaintiff filed his Complaint in the District Court of Wagoner County in the State of Oklahoma on February 28, 2025.

4. Defendant Boppy removed this case to the United States District Court for the Eastern District of Oklahoma on the basis of diversity of jurisdiction on June 25, 2025.[1]

---

[1] See Doc 2.

5. On July 16, 2025, Defendant Boppy moved for a Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction. This Motion is currently pending before this Court.

6. Plaintiff recognizes that Defendant Boppy is a limited liability company licensed to do business in the State of Colorado. However, based upon Defendant Boppy's contacts with the State of Oklahoma, jurisdiction in Oklahoma is proper.

7. Based upon Defendant Boppy's dispute over whether or not jurisdiction is proper in the State of Oklahoma, Plaintiff respectfully requests that this Court grant Plaintiff leave to conduct jurisdictional discovery.

8. Plaintiff's counsel spoke with counsel for Defendant Boppy and Defendant Boppy objects to Plaintiff's request for leave to conduct jurisdictional discovery.

## <u>MEMORANDUM OF LAW</u>

**I.     This Court can exercise personal jurisdiction.  In the alternative, however, Plaintiff requests 60 days to conduct jurisdictional discovery.**

The Plaintiffs carries the burden to establish a prima-facie case that personal jurisdiction exists in the face of a 12(b)(2) motion. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012). When the evidence presented on the motion to dismiss consists of affidavits and other written materials the plaintiff need only make a prima facie showing. *Benton v. Cameco Corp.*, 375 F.Jd 1070, 1074-75 (l0th Cir. 2004).  However, "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Id.*, at 102.  "The Tenth Circuit has instructed that a district court should permit jurisdictional discovery if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." (internal citation and quotation omitted). *Collins v. Oklahoma Baptist Univ.*, No. CIV-24-234-G, 2025 WL 715376, at *1 (W.D. Okla. Mar. 5, 2025). "The burden of demonstrating a legal entitlement to jurisdictional discovery—and the related

prejudice flowing from the discovery's denial—is on the party seeking the discovery." (cleaned up) *Id*. (citing *Grynberg*).   Further, "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."…" *Finn v. Great Plains Lending, LLC,* 689 Fed. Appx. 608, 610, quoting Sizova v. Nat'l Inst. of Stds. & Tech., 282 F.3d 1320, 1326. (10th circuit).

*Grynberg* held the trial court has broad discretion to shape jurisdictional discovery, and *Collins* allowed 60 days of jurisdictional discovery and time after that for Plaintiff to file briefing. *Collins,* at *2.  Here, given that the Defendant disputes jurisdiction and offers up its own set of purported facts, Plaintiff is entitled to do discovery to establish facts that further support its jurisdictional claim  and that test the veracity of the Defendant's jurisdictional claims.

Here, Plaintiff posits more than enough evidence to establish this Court's exercise of personal jurisdiction over Defendant Boppy. For example, Defendant Boppy distributes its products throughout the State of Oklahoma, both directly through its website and by placing its products into the stream of the commerce with the knowledge and intent for the product to reach Oklahoma's market. [2] Boppy lists three "authorized" retail stores in Oklahoma where it sells its products to Oklahoma customers.  The Defendant makes self-serving conclusory statements in its affidavit that go to this Court's jurisdiction which Plaintiff should be able to test as they have relevance to this Court.  For example, the Defendant alleges that it does not "target the Oklahoma market in any way."

As it stands now, Plaintiff has not been allowed a chance to controvert Defendant's

---

[2] On www.boppy.com now, on a page entitled "Where to Buy," Defendant Boppy lists authorized retailers in Oklahoma. A true and correct printout of the Boppy web page https://www.boppy.com/pages/where-to-buy?srsltid=AfmBOorZNpep49D4LT24B5swgS5H7iEwRj4qQj0GZL37f3lQrMwUJIJm is attached as Exhibit 1 herein, last checked July 21, 2025.

jurisdictional claims through any means, such as deposing the individual who made the claim or seek documents evidencing whether the Defendant ever marketed the product in Oklahoma. Plaintiff is entitled to discover additional facts to buttress his argument. Such jurisdictional discovery requests will likely include depositions of corporate officers of Defendant Boppy and the employee who signed the affidavit attached to its Motion to Dismiss, and production of documents reflecting the corporate structure of Defendant Boppy; as well as records showing Defendant Boppy's sales figures and distribution numbers for their products into Oklahoma, as well as strategy decisions about where to distribute products; copies of insurance agreements, and marketing materials about the Boppy Newborn Lounger in Oklahoma.

When faced with a similar 12(b)(2) motion to dismiss by Defendant Boppy, the United States District Court for the Northern District of Florida granted the plaintiff's motion for jurisdictional discovery. See *Seich v. The Boppy Company, LLC*, 3:22-cv-668-TKW-HTC (N.D. Fl.), ECF 10, 2/2/22. Months later, when the court denied Boppy's 12(b)(2) attack, the court cited sales figures of the Newborn Lounger (NBL) obtained in jurisdictional discovery: "From 2017 to 2021, Defendant sold [redacted] NBLs in the United States, with [redacted] being sold to 'Florida retailers' and [redacted] being sold directly to Florida consumers through Defendant's website." *Seich,* ECF 33 at 4, 6/17/22. Just like how sales figures of the Newborn Lounger in Florida was relevant to determine whether Florida could exercise jurisdiction over the Defendant, evidence as to sales figures of the same product in Oklahoma would also be relevant as to why this Court can exercise personal jurisdiction over the Defendant.

In *Seich*, the Court explained:

> Even though Defendant did not manufacture the NBLs in Florida, the jurisdictional evidence establishes that Defendant shipped more than [redacted] into Florida between 2017 and 2021 where they were sold to Florida consumers by national retailers and specialty stores and that a citizen of Florida was injured while

4

allegedly using a NBL in Florida. Thus, irrespective of whether the specific NBL that was allegedly being used by Plaintiff's daughter at the time of her death was purchased in Florida, the Court finds that there is a sufficient connection between Defendant's in-state activity and Plaintiff's claims to satisfy the "relatedness" prong of the due process analysis.

*Id*. at 11.

Jurisdictional discovery also weighed in favor of plaintiff *Seich* on purposeful availment. *Id*. at 13. "Here, the Court finds that Defendant's actions directed to Florida are sufficient to meet either test because the jurisdictional evidence establishes that Defendant generated [redacted] by shipping [redacted] NBLs into Florida between 2017 and 2021 knowing that they were being sold (or at least likely to be sold) in the state by national retailers and specialty stores in Florida." *Id*.

That Defendant Boppy approved and selected retailers in Florida, listed them on its website and sent product directly to them "evinced an intent to serve the market in Florida." *Id*. at 14. Plaintiff can show Boppy's intent to serve the Oklahoma market now. See Ex. 1.

Laurie Gerstenkorn, Defendant Boppy's chief financial officer who signed the affidavit for Boppy in *Seich* 12(b)(2) motion (*Seich*, ECF 4-1, 1/21/22), also signed the affidavit attached for Defendant Boppy's Motion to Dismiss in the present case. ECF 17-1. The affidavits read similarly, with minor differences in the details purporting to show no contacts.

Because this runs so parallel to *Seich*, Plaintiff maintains jurisdictional discovery is appropriate here. Plaintiff Sewell expects to unearth the similar information for Oklahoma that *Seich* found for Florida, and Plaintiff here expects the Court will hear a similar argument that may conclude in Plaintiff's favor. This begs the question why Boppy moved under 12(b)(2) at all.

In other similar actions alleging injuries from the defective Newborn Lounger, Defendant Boppy did not file 12(b)(2) motions to dismiss: see *Clark et al v. The Boppy Company, LLC*, 1:22-cv-02120-JRS-MJD (S.D. In.); *Mainor v. The Boppy Company, LLC*, 2:22-cv-1483-ACA (N.D.

Ala.); *Wooten v. The Boppy Company, LLC*, 1:23-cv-2695-MJM (D. Md.) and *Rodriguez v. The Boppy Company, LLC*, 1:22-cv-1497-RNC (D. Conn.)[3]. However, Boppy's parent company, Artsana, won dismissal on FRCP 12(b)(2) personal jurisdiction motions in *Clark* (ECF 73, 6/7/23), *Wooten* (ECF 29, 8/14/24) and *Rodriguez* (ECF ECF 177, 9/18/24). Noteworthy is that Plaintiffs here has not sued Artsana.

Based upon the foregoing, Plaintiff moves this Court to deny Defendant's Motion to Dismiss. In the alternative, Plaintiff respectfully requests that this Court grant Plaintiff leave to conduct 60 days of jurisdictional discovery and defer ruling on Defendant Boppy's Motion to Dismiss until Plaintiff can successfully conclude his jurisdictional discovery.

Plaintiffs will endeavor to complete jurisdictional discovery within sixty (60) days, however, recognize that Plaintiffs may need to request more time depending on the completeness of Defendant Boppy's discovery responses. Plaintiff will advise the Court as soon as possible if additional time is necessary. Plaintiff also requests that the deadline to respond to Defendant Boppy's Motion to Dismiss be extended until 30 days after the completion of said jurisdictional discovery.

**II.     The Parties agree that Plaintiffs can seek in this case damages Plaintiff J.T. will begin to incur when he reaches 18 years of age.**

Plaintiffs' counsel has conferred with Defendants' counsel and understand that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim for compensatory damages is limited to damages vested solely in the parents/guardians until the time the minor reaches age 18 and does not include damages the minor may incur after reaching the age of majority, such as medical expenses, lost wages and loss of earning capacity.

---

[3] Plaintiff's undersigned Kenneth Krayeske served as counsel for Plaintiff Estate of Angelise Rodriguez in this Connecticut case.

Respectfully submitted,

s/ Michael E. Carr

Michael E. Carr

OK Bar Number: 22520

mcarr@carrcarr.com

Attorney for Plaintiff

Carr & Carr Injury Attorneys

4416 S. Harvard Ave

Tulsa OK 74135

Telephone: 918-747-1000

Kenneth Krayeske

Pro Hac Vice, CT Bar Number 431862

kkrayeske@bbbattorneys.com

Attorney for Plaintiff

BBB Attorneys

3651 Main Street Suite 200

Stratford CT 06614

Telephone: 203-562-0900

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July 2025, I electronically filed the above-titled document using the CM/ECF which caused the following parties or counsel to be served by electronic means via Notice of Electronic Filing:

Dan Folluo

Theresa Hill

Attorneys for Defendant

dfolluo@rhodesokla.com

thill@rhodesokla.com

cc: tray@rhodesokla.com

/s Michael E. Carr

7