# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| G. BRUCE SEWELL, as Guardian Ad Litem of J.T., a minor, ) ) ) **Plaintiff,** ) ) v. ) ) BOPPY COMPANY, LLC, ) ) **Defendant.** ) | Case No. CIV-25-208-RAW-GLJ |

## ORDER, REPORT, AND RECOMMENDATION

Before the court is Defendant The Boppy Company, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss Plaintiff's Claims for Compensatory Damages [Docket No. 16], seeking dismissal of Plaintiff's claims in his amended state court Petition for, *inter alia*, lack of personal jurisdiction. Defendant removed the case to this Court on June 25, 2025, and the case was assigned to the undersigned Magistrate Judge the same day [Docket Nos. 2, 4]. Following the election of the district court option, the Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket Nos. 12, 14]. Defendant moved to dismiss for, *inter alia*, lack of personal jurisdiction on July 16, 2025 [Docket No. 16]. Plaintiff's response to Defendant's motion consists largely of a request for a period of jurisdictional discovery. Though improperly raised in violation of Loc. Civ. R. 7.1(d) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."), the undersigned

Magistrate Judge nevertheless addresses the relief requested but also warns Plaintiff that future failure to comply with the Federal Rules of Civil Procedure and this court's Local Rules may result in pleadings being stricken without notice for similar failures.

      For the exercise of personal jurisdiction to comport with due process, "defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). As such, the Court first examines "whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being [brought] into court there." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007) (quoting *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007)). "'When a defendant moves to dismiss for lack of [personal] jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.'" *GCIU-Emp. Ret. Fund v. Coleridge Fine Arts*, 700 Fed. Appx. 865, 871 (10th Cir. 2017) (quoting *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). Courts should not refuse jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 Fed. Appx. 586, 589 (10th Cir. 2006). And courts have broad discretion to shape jurisdictional discovery. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298-1299 (10th Cir. 2004); *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 102 (10th Cir. 2012) (same).

Defendant contends that it does not have the requisite minimum contacts with Oklahoma.  In support, Defendant submits an affidavit by its Chief Financial Officer Laurie Gerstenkorn, in which she states, *inter alia*, that Defendant does not maintain offices or retail locations in Oklahoma, does not manufacture products in Oklahoma, does not maintain a post office box in Oklahoma, does not have employees or own/lease property in Oklahoma, and does not target the Oklahoma market.  Docket No. 17, Ex. 1, pp. 1-2, ¶¶ 10-17.  Furthermore, Defendant contends that passive nationwide sales through the internet and non-party retailers are insufficient to establish the requisite minimum contacts.  Plaintiff points out, however, that Defendant's webpage lists three authorized retailers in Oklahoma, and further distributes products in Oklahoma through direct sales on the internet.  *See, e.g.*, *FITn40, LLC v. Glanbia Nutritionals (Ireland) Ltd.*, 2022 WL 79910, at *5 (D. Utah Jan. 7, 2022) ("The key attribute the court looks for is 'the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there.'") (citing *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 908 (10th Cir. 2017)).  Plaintiff thus requests leave to test the statements in CFO Gerstenkorn's affidavit.  The Court finds jurisdictional discovery should be allowed, particularly because "there is a certain unfairness to a process that would allow affidavits from one side without allowing at least some corresponding adversarial opportunity to probe the underlying assertions contained in those affidavits[.]" *American Fam. Mut. Ins., Co. v. Robert Bosch, LLC*, 2023 WL 8479021, at *7 (D. Colo. Dec. 7, 2023) (citing *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) (holding that when faced with the prospect of dismissal, a plaintiff is entitled to "reasonable

3

discovery, lest the defendant defeat jurisdiction of a federal court by withholding information on its contacts with the forum") (citation omitted)), *abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010).  Fairness weighs in favor of Plaintiff obtaining reasonable jurisdictional discovery on these questions.

## CONCLUSION

Accordingly, the parties may engage in discovery limited to the issue of whether this Court has personal jurisdiction over Defendant.  All discovery on this issue shall be completed within sixty days of the date of this Order, or by Monday, February 16, 2026.  No extensions shall be granted absent a showing of due diligence in attempting to complete jurisdictional discovery by the deadline.  *See* Fed. R. Civ. P. 72(a).

Furthermore, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant the Boppy Company, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss Plaintiff's Claims for Compensatory Damages [Docket No. 16] be DENIED without prejudice to being reurged following the close of jurisdictional discovery but no later than Monday, March 2, 2026.  *See, e.g.*, *Water Pik, Inc. v. H2OFloss*, 2018 WL 1706276, at *4 (D. Colo. Apr. 9, 2018) ("[I]n order to streamline the presentation of these issues, the Court denies without prejudice H2OFloss's motion to dismiss" because "limited jurisdictional discovery could lead to changes in the underlying nature of the parties' jurisdictional dispute.").  Any objections to the undersigned Magistrate Judge's Recommendation that the motion to dismiss be denied without prejudice must be filed within fourteen days.  *See* 18 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of Court upon a showing of good cause.

    **IT IS SO ORDERED** this 17th day of December, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**